IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JOSEPH F. ADAMS**            *

v.                              *   **Civil No. JKS 08-1409**

**MICHAEL J. ASTRUE**          *
**Commissioner of Social Security**
                                *

**MEMORANDUM OPINION**

Plaintiff Joseph F. Adams brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). Both parties' motions for summary judgment and Adams' alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Adams' motion for remand will be granted, and the Commissioner's motion for summary judgment will be denied.

**1. Background.**

Adams applied for DIB and SSI on March 24, 2000, alleging a disability date of December 10, 1998. After a final denial from the Commissioner, this court remanded the case and a second ALJ hearing was held on June 6, 2007, and November 8, 2007, at which Adams was represented by counsel. On February 22, 2008, the ALJ found that Adams was not disabled within the meaning of the Act, (R. 484-96), and the Appeals Council denied his request for review. Thus, the ALJ's determination became the Commissioner's final decision.

**2. ALJ's Decision.**

The ALJ evaluated Adams' claims using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920(a). First, the ALJ determined that Adams has not engaged in

substantial gainful activity since his alleged onset date. (R. 487). At step two, the ALJ concluded that Adams suffers from impairments affecting the low back and legs, right wrist, and right shoulder; and also obesity. (R. 487). At step three, the ALJ determined that Adams does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. At step four, the ALJ found that Adams is capable of performing a limited range of light work. *Id.* Once determining that Adams was unable to return to his past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs existed in significant numbers in the national economy that Adams could perform. (R. 494). As a result, the ALJ determined that Adams was not disabled within the meaning of the Act.

### 3. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Adams poses two allegations of error on appeal. He claims that the ALJ failed to properly consider his obesity and that the ALJ erroneously relied on the VE's testimony. Because the ALJ failed to properly consider Adams' obesity, only that allegation will be addressed.

The ALJ identified Adams' obesity as a severe impairment, and noted that, at 5'6''tall and 318 pounds,[1] Adams was morbidly obese. However, in evaluating whether Adams met or equaled a listing, the ALJ states only that Adams' back impairment, wrist, and shoulder impairments do not do so. The ALJ also stated that no examining physician has "findings needed to meet or equal the criteria of any listed impairment." (R. 487). This does not mean that the ALJ was not required to consider whether Adams' combination of impairments, including his obesity, equaled a listing.

Dr. Chari, to whose findings the ALJ gave "great weight," (R. 493), found that Adams was unable to walk a block at a reasonable pace on rough or uneven surfaces. (R. 645). In addition, the ALJ incorporated the medical discussion from the first ALJ decision. (R. 490). Adams underwent a laminotomy and disectomy with removal of a ruptured lumbar intervertebral disc on February 16, 1999. (R. 22). An MRI on May 16, 2003, resulted in a diagnosis of post operative scarring, residual and/or recurrent disc herniation, osteophytosis, and considerable mass effect. (R. 23).

Under the Commissioner's regulations, obesity is a medically determinable impairment often associated with disturbance of the musculoskeletal system. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each impairment considered

---

[1] This figure was quoted from medical records. Adams testified that he weighed 310 pounds. (R. 632).

separately, and adjudicators "must consider any additional and cumulative effects of obesity." Pt. 404, Subpt. P, App. 1 at 1.00Q.  In addition, Adams' reported inability to walk on rough and uneven surfaces constitutes an inability to ambulate effectively, which is a loss of function. 1.00B.1 and B.2.b.2.  Nevertheless, in determining that Adams' condition did not meet a listing, the ALJ did not consider the additional impact of Adams' obesity or the fact that Adams is unable to ambulate effectively.

The Commissioner responds with the conclusory statement that the ALJ "properly found that Mr. Adams' obesity, alone or in combination with his back impairment, does not meet or equal a Listing," ECF No. 27-1 at 13.  However, the ALJ articulated no such finding.  Rather, the ALJ states only that Adams' "back impairment is not accompanied by findings needed to meet or equal the criteria of Listing 1.04." (R. 487).  Nowhere in his opinion does the ALJ indicate any consideration of Adams' obesity at step three.

Where there is no indication, either express or by clear implication from the record, that the ALJ considered all relevant evidence supporting a conclusion that a claimant has a condition equivalent in severity to a listing, the decision cannot be affirmed. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003).  Here, as in *Fleming*, the ALJ at step three provided only a conclusory statement, without any explanation or even mention of Adams' morbid obesity or the fact of his inability to ambulate effectively.  This failure requires the case to be remanded to the Commissioner for reconsideration.

**5. Conclusion.**

For the foregoing reasons, Adams' motion for remand will be granted, and the Commissioner's motion for summary judgment will be denied.

Date:  February 16, 2011                                        /S/
                                                        JILLYN K. SCHULZE
                                                        United States Magistrate Judge